### Libbie C. Wolf, Appellee, v. City of Venice, Appellant.

1. VERDICTS—*when not excessive.* In an action on the case for personal injuries, a verdict for $833.67 is not excessive, where it appears that the plaintiff at the time of her injury was a little under fifty-six years of age, and in addition to doing her house-work did, at the time of the injury, sewing for other people—it appearing that the injuries in question were severe as to the plaintiff's foot, ankle and side, and resulted in disablement for a considerable period and much suffering.

2. NOTICES—*when service sufficient under act in regard to personal injuries against cities, etc.* Delivery of the notice in form as required by the statute to the city clerk upon the premises on which his office was situated, informing him of the contents thereof, is a sufficient compliance with the statute as to service.

3. INSTRUCTIONS—*must not single out particular witness.* An instruction is properly refused which singles out a particular witness and tells the jury what they may consider in determining the weight to be given to his testimony.

Action in case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon. B. R. BURROUGHS, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed February 11, 1910.

R. J. BROWN and GEERS & GEERS, for appellant.

J. M. BANDY and D. J. SULLIVAN, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellee, Libbie C. Wolf, sustained injuries on September 18, 1907, by stepping on the loose end of a

board in a sidewalk of the city of Venice, where she lived, which turned with her and allowed her foot to go down in a hole. She brought suit against the city and obtained a verdict and judgment for $863.67. The city seeks to reverse the judgment upon the grounds, the evidence was not sufficient to support the verdict, the damages were excessive, no notice of the injury, as required by law, was filed within six months of its occurrence with the clerk of the city, and certain instructions offered by appellant were improperly refused.

The house where appellee resided in Venice was located on the north side of the street, and along a fence in front of it was a sidewalk running east and west, seven boards in width, composed of two inch planks 16 feet long and 12 inches wide, resting on "4 x 4" cross pieces. At about three o'clock in the afternoon of the day above named, appellee passed out the front gate and started east on said walk. She had proceeded about 20 feet when she stepped on a loose plank and received the injuries complained of.

It is not denied that appellee was injured as claimed and that her injuries were caused by the loose plank, but the question is raised whether the defect should have been discovered and remedied by the city. The injury occurred on Wednesday and there was proof that the board had been found to be loose on the preceding Sunday, and on Monday at six o'clock P. M., it was found lying across the sidewalk. Witnesses for the city, including a policeman who walked that beat, and two city officials whose duty it was to inspect and repair sidewalks, testified they had passed over the walk at the place in question and did not discover any defect. The evidence as a whole, however, appears to sustain appellee's claim that the plank had been loose since sometime on the preceding Sunday, that it was sometimes in its place in the walk and sometimes out of it, and that the defect was not a latent one but open and easily discoverable. Such facts war⸱

ranted a finding by the jury that the city should in the exercise of reasonable care have discovered and repaired the defect in the walk.

At the time of her injury, appellee was a little under 56 years of age and in addition to doing her housework did sewing for other people. When the board turned with her she was thrown on her right side and received severe injuries to her foot, ankle and side. For several months she was not able to perform her household duties and it was six months before she could bear any weight on the heel of the injured foot. At the time of the trial, some 15 months after the injury was received, her ankle was still swollen and she was suffering pain from it. Under these circumstances we cannot say the verdict was so excessive as to warrant a reversal of the judgment based theron.

The act in regard to personal injury suits against cities, villages and towns (Hurd Stat. 1908, chap. 70, par. 7) provides that, "Any person who is about to bring any action or suit at law in any court against any incorporated city, village or town for damages on account of any personal injury, shall within six months from the date of injury, or when the cause of action accrued, either by himself, agent or attorney, file in the office of the city attorney, (if there is a city attorney and also in the office of the city clerk), a statement in writing signed by such person, his agent or attorney," giving certain information concerning the injury. Upon the trial a copy of a notice which fully complied with the terms of the statute was offered in evidence by appellee and admitted by the court.

Appellant's principal contention in this case is that the court erred in admitting the copy of the notice for the reason that the preliminary proof introduced when the copy was offered, showed that the notice was not filed in the office of the city clerk. The only proof on this subject was the testimony of the husband of appellee, who swore that as her agent he delivered the notice to the city clerk; that said clerk

was a saloon keeper and had his office in his saloon; that witness went to the saloon and found the clerk out in the yard back of the same feeding his chickens; that he there delivered the notice to the clerk, telling him the contents thereof and the two then engaged in some conversation concerning the matter.

There is no doubt that had appellee's husband and the clerk stepped into the saloon and the notice been there delivered, the requirement of the statute would have been fully complied with. As a matter of fact the delivery was made to the clerk upon the same premises upon which the saloon was situated and he was fully informed of the contents of the notice and the same was the subject of remark by him. It appears to us that the circumstances surrounding the delivery were such as to show for all practical purposes a delivery of the same to the clerk at his office.

Instruction 9 offered by appellant was properly refused because it singled out the husband of appellee as a witness and told the jury what they might consider in determining the weight to be given to his testimony. Appellant's refused instruction No. 14 submitted to the jury the question whether appellee's notice had been filed in the office of the city clerk.

There was no controversy as to the facts concerning the delivery of the notice, the only question being whether these facts constituted a compliance with the statute, which was not a question for the jury.

We find in the record no substantial reason for reversing this case and the judgment will accordingly be affirmed.

*Affirmed.*